<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GRANT CALDIS, individually, and INGRID TIERENS, parents and natural guardians of I. C., a minor, and in her own right,<br><br>Plaintiffs,<br>v.<br><br>STARBUCKS COFFEE COMPANY and STARBUCKS CORPORATION,<br><br>Defendants. | Civil Action No. 14-01394 (SRC)<br><br>OPINION |

<u>**CHESLER**</u>, District Judge

This is a negligence action stemming from injuries caused to a young child by an allegedly broken or malfunctioning tabletop at a Starbucks Coffee shop in Linthicum, Maryland. The Complaint was originally filed in the Superior Court of New Jersey, Law Division, and thereafter Defendant Starbucks Corporation ("Defendant") removed to this Court on the basis of complete diversity. [Docket Entry 1.][1] Presently before the Court is Defendant's motion to transfer venue, filed pursuant to 28 U.S.C. § 1404(a). [Docket Entry 6.] Plaintiffs oppose the motion. [Docket Entry 7.] The Court has considered the parties' submissions, and will rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the foregoing reasons, the Court will grant Defendant's motion, and this case will be transferred to the United States District Court for the District of Maryland.

---

[1] This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

**I.     Legal Standard**

28 U.S.C. § 1404 provides the statutory framework governing motions to transfer. Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  As this language implies, a § 1404(a) transfer is only ever appropriate where venue is proper in the transferee court.  Wm. H. McGee & Co., Inc. v. United Arab Shipping Co., 6 F. Supp. 2d 283, 288 (D.N.J. 1997) ("As a preliminary matter, it must be determined that the transferee venue is one in which the case 'could have been brought.'") (quoting Job Haines Home for the Aged v. Young, 936 F. Supp. 223, 227 (D.N.J. 1996))).  The party seeking transfer bears the burden of convincing the court that "the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum."  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  Transfers made pursuant to § 1404(a) are "discretionary determinations."  Lafferty v. St. Riel, 495 F.3d 72, 76-77 (3d Cir. 2007).

This Court's exercise of its discretion is guided by the private and public interest factors laid out by the Third Circuit in Jumara.  The six private interest factors are: (1) "plaintiff's forum preference as manifested in the original choice"; (2) "the defendant's preference"; (3) "whether the claim arose elsewhere"; (4) "the convenience of the parties as indicated by their relative physical and financial condition"; (5) "the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; and (6) "the location of the books and records," but again only to the extent that "the files could not be produced in the alternative forum."  See Jumara, 55 F.3d at 879.  The six public interest factors are: (1) "the

enforceability of the judgment"; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) "the relative administrative difficulty in the fora resulting from court congestion"; (4) "the local interest in deciding local controversies at home"; (5) "the public policies of the fora"; and (6) "the familiarity of the trial judge with the applicable state law in diversity cases." See id. at 879-80. A district court should weigh these factors "and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interests of justice.'" Atl. Marine Const. Co. v. U.S. Dist. Court for the W. Dist. of Tex., 134 S. Ct. 568, 581 (2013) (quoting § 1404(a)).

**II.    Discussion**

The Court notes at the outset that neither party contests Maryland is an appropriate alternative forum. Indeed, it is incontrovertible that "a substantial part of the events or omissions giving rise to the claim," 28 U.S.C. § 1391(b)(2), occurred in Maryland – the accident which is the basis of this negligence suit occurred there. Thus, the "where it might have been brought" clause of 28 U.S.C. § 1404(a) is not an impediment to transfer here because venue is proper in District of Maryland. The resolution of this motion therefore turns on the various Jumara factors, as applied to the facts presented.

  **A.    Private Interest Factors**

The six private interest factors do not, on balance, militate strongly in favor of transfer. Indeed, under a different set of facts, Plaintiffs' choice of their home forum for their suit might have been dispositive. See Jumara, 55 F.3d at 879 ("in ruling on defendants' motion [to transfer] the plaintiff's choice of venue should not be lightly disturbed"). This Court has previously held, however, that "a plaintiff's choice [of forum] deserves less deference when the chosen forum has

3

little connection to the facts underlying the claims." Gianakis v. Hilton Tucson El Conquistador Golf and Tennis Resort, No. 12-cv-4268 (SRC), 2012 WL 5250463, at *2 (D.N.J. Oct. 22, 2012) (citing Wm. H. McGee & Co., 6 F. Supp. 2d at 290). Of course, "less deference" does not mean "no deference," but in a case like this, where New Jersey has "no connection to the facts underlying" the lawsuit, see Gianakis, 2012 WL 5250463, at *2, Plaintiffs' choice of their home forum only goes so far. See Santi v. Nat'l Bus. Records Mgmt., LLC, 722 F. Supp. 2d 602, 607 (D.N.J. 2010) ("courts give substantially less weight to a plaintiff's forum choice when the dispute at the heart of the lawsuit occurred almost entirely in another state"). Here, that deference is largely offset by the second and third Jumara factors, which both support a transfer – Defendant prefers to litigate in Maryland, and "the claim arose" there. See 55 F.3d at 879.

Certain other Jumara factors do not tip the scale. Factor four, "the convenience of the parties as indicated by their respective physical and financial conditions," is unhelpful to both parties. Defendant, for reasons of strategy or otherwise, ignores this factor in its briefing. For their part, Plaintiffs argue that it would be inconvenient to try this case in Maryland because Plaintiff I.C. is a minor who has "just recently started elementary school." (Supp. Opp. Br. at 1.) Whatever the validity of this concern, it does not speak to I.C.'s "physical and financial" condition, and thus has little bearing on the Jumara analysis. Plaintiffs do not suggest that the accident at Starbucks has rendered I.C. incapable of travelling, and it is otherwise unclear why I.C. could not now attend trial in Maryland if she was capable of travelling there before the accident. Similarly, factors five, "the convenience of the witnesses" to the extent of any fora unavailability, and six, "the location of books and records" to the extent of unavailability, do not

4

have any effect one way or the other – neither party suggests that witnesses, books, or records are unavailable in either New Jersey or Maryland.

The private interest factors thus appear to be a push – the deference paid to Plaintiffs' choice of forum is offset by Defendant's choice and the locus of the dispute, and factors four, five, and six are neutral. Given that it is Defendant – as the party seeking transfer – who bears the burden, the Court would be required to deny the motion to transfer if the analysis ended here. It is, however, readily apparent that the public interest factors favor transfer of this case to a degree sufficient to overcome the balance found in the private interest factors.

### B.      Public Interest Factors

Specifically, the Court finds that the second, fourth, and sixth factors strongly bolster Defendant's argument in favor of transfer. As to the second factor, "practical considerations that could make the trial easy, expeditious, or inexpensive," this lawsuit appears to be a case about the design, upkeep, and maintenance of an allegedly dangerous table at a coffee shop in Maryland. Practically speaking, liability in this case will turn on evidence located in Maryland – employees of the specific Starbucks store, the table itself, security camera footage, if any, etc.

Plaintiffs do not suggest otherwise. Plaintiffs do argue that that an "independent witness" lives on Long Island and would prefer to testify in New Jersey, and that a pediatrician who treated I.C. two days after the accident is located in New Jersey. (See Opp. Br. at 2.) But Plaintiffs do no suggest how the independent witness will testify to facts vis a vis the negligent design, use, or maintenance of the tabletop – it is therefore unclear how the witness's preference for testifying in New Jersey will expedite or streamline trial. Additionally, any convenience gained by litigating this case closer to I.C.'s New Jersey doctor would be more than offset by

trucking up the doctors and other staff from Johns Hopkins Hospital who treated I.C. immediately following the accident when I.C. spent the night there for treatment. (See Tierney Aff., Ex. D.)[2]

Maryland also has a strong "local interest" in deciding this controversy at home. See Jumara, 55 F.3d at 879. This is a Maryland case, and Plaintiffs do not seriously contend otherwise. Instead, Plaintiffs quote a recent District of New Jersey decision, Ross University School of Medicine v. Amini, for the proposition that "New Jersey has an interest in vindicating the rights of its own residents." (See Opp. Br. at 3 (quoting No. 13-cv-6121, 2014 WL 29032, at *7 (D.N.J. Jan. 2, 2014).) But that case is inapposite. The parties in Amini had agreed through a forum-selection clause to litigate their dispute in New Jersey, and as Judge Thompson correctly stated, "[t]he analysis for considering a § 1404(a) motion differs . . . 'when the parties' contract contains a valid forum-selection clause, which represents the parties agreement as to the most proper forum.'" 2014 WL 29032, at *7 (quoting Atl. Marine, 134 S. Ct. at 581). Here, in contrast, whatever interest New Jersey may have in resolving this lawsuit is small in comparison to the burden which would be visited upon New Jersey residents forced to serve on a jury to decide a case that happened elsewhere. Ferens v. John Deere Co., 494 U.S. 516, 529-30 (1990) ("Jury duty is a burden that ought not to be imposed upon the people of a community which has not relation to the litigation." (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947))).

---

[2] Plaintiffs also argue that trial in New Jersey would be easier and more expeditious because "counsel for Plaintiffs and counsel for Defendants both have offices located in New Jersey," and "none of the counsel of record have [sic] offices located in Maryland." (Opp. Br. at 3.) Plaintiffs do not cite authority to support the proposition that the geographical convenience of counsel has any bearing on a § 1404(a) analysis, and the Court is unaware that any such authority exists. That is especially so in this case, where the prospective alternative forum is no more than a five hour drive away.

The sixth Jumara factor, the "familiarity of the trial judge with the applicable state law in diversity cases," 55 F.3d at 879-80, also militates in favor of transfer. Neither party disputes that Maryland law will apply in this diversity suit, and "[j]ustice requires that, whenever possible, a diversity case should be decided by the court most familiar with the applicable state law . . . ." Am. Senso Rx, Inc. v. Banner Pharmcaps, Inc., No. 06-cv-1929 (FSH), 2006 WL 2583450, at *6 (D.N.J. Sept. 6, 2006). As there is no serious dispute that a Maryland federal judge will be more familiar with Maryland tort principles than her New Jersey counterpart, this factor heavily favors transfer.

In contrast, the only Jumara factor that might weigh against transfer is "the relative administrative difficulty in the two fora resulting from court congestion." Plaintiffs highlight a report furnished by the Administrative Office of the United States Courts which states that in 2013 New Jersey federal courts disposed of civil cases slightly faster (less than two months) than those in Maryland. (See Opp. Br. at 3.) The persuasive value of this statistic, however, is undermined by figures from that same report which indicate that the District of Maryland tries civil cases slightly more quickly than the District of New Jersey, shepherding those cases from complaint to trial almost six months faster. In all events, Plaintiffs do not argue that the Maryland federal courts are so overburdened as to deny them "a reasonably prompt day in court," see Park Inn Int'l, LLC v. Mody Enters., Inc., 105 F. Supp. 2d 370, 378 (D.N.J. 2000), and this Court will place only slight weight on this factor.[3]

---

[3] For completeness, the Court notes that public interest factors one and five, which pertain to the "enforceability of the judgment" and the "public policies of the fora," see Jumara, 55 F.3d at 879, are neutral – there are no indications that a judgment rendered in either fora will be unenforceable, and neither party argues that the relevant public policies of the fora differ in any material way.

In sum, the public interests decidedly favor transfer. This is a lawsuit about an accident that occurred in Maryland, which will apply Maryland tort law to evidence relevant to liability which is located in Maryland. Notwithstanding Plaintiffs' desire to litigate this lawsuit in their home state, this is a Maryland action that if tried should be heard by a Maryland jury. It is "in the interest of justice" that the case be transferred to the District of Maryland.

## III.  Conclusion

For the foregoing reasons, the Court will grant Defendant's motion to transfer venue. [Docket Entry 6.] This case will be transferred, under 28 U.S.C. § 1404(a), to the United States District Court for the District of Maryland. An appropriate Order will be filed herewith.

      s/ Stanley R. Chesler
    STANLEY R. CHESLER
   United States District Judge

Dated: June 9th, 2014